**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| MIGUEL LUNA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-21-CV-00064-FM |
| § | |
| AMERICAN NATIONAL § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER DENYING MOTION TO DISMISS AND DECLINING TO CONVERT MOTION INTO A MOTION SUMMARY JUDGMENT

Before the court are "American National Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively Motion for Summary Judgment" ("Motion") [ECF No. 5], filed April 15, 2021 by American National Insurance Company ("Defendant"); "Plaintiff's Response to American National Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively Motion for Summary Judgment" ("Response") [ECF No. 6], filed April 29, 2021 by Miguel Luna ("Plaintiff"); and "American National Insurance Company's Reply to Plaintiff's Response to its Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively, Motion for Summary Judgment" ("Reply") [ECF No.7], filed May 6, 2021 by Defendant. Defendant requests the court dismiss Plaintiff Miguel Luna's complaint for failure to state a claim.[1] Alternatively, Defendant requests conversion of the motion to dismiss into a motion for summary judgment.[2]

---

[1] "American National Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively Motion for Summary Judgment" ("Mot.") 1, ECF No. 5, filed Apr. 15, 2021.

[2] *Id*. at 7.

1

After due consideration of the Motion, Response, Reply, and applicable law, the Motion is **DENIED**.

I.   BACKGROUND

This suit arises from Plaintiff's alleged wrongful termination in violation of the Emergency Paid Sick Leave Act ("EPSLA").[3] Defendant employed Plaintiff as an insurance agent from April 23, 2020 to November 10, 2020.[4] On November 6, 2020, a client exposed Plaintiff to COVID-19 during a business meeting.[5] The same day, Plaintiff informed Defendant of the exposure through General Manager Alberto Bocanegra ("Bocanegra").[6] Bocanegra instructed Plaintiff to report to the office the following day or Plaintiff would be deemed to "have abandoned [his] job."[7] When Plaintiff reported for work, Bocanegra told him to get tested for COVID-19 and not to see clients until he received the results.[8] On November 8, 2020, Plaintiff notified Defendant he tested positive for COVID-19.[9] On November 10, 2020, Defendant terminated Plaintiff's employment.[10]

---

[3] *See generally* "Plaintiff's Amended Complaint and Jury Demand" (Am. Compl."), ECF No. 4, filed Apr. 1, 2021.

[4] *Id*. at ¶¶ 18–37.

[5] *Id*. at ¶¶ 27–28.

[6] *Id*. at ¶¶ 30–31.

[7] *Id*. at ¶ 31.

[8] *Id*. at ¶ 33.

[9] Am. Compl. ¶ 34.

[10] *Id*. at ¶ 37.

## II.     LEGAL STANDARD

### A.     *Dismissal Pursuant to Rule 12(b)(6)*

Federal Rule of Civil Procedure Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim for which relief can be granted."[11] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[12] To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[14] "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Therefore, a complaint is not required to set out "detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[16] Although the court must accept well-pleaded allegations in a complaint as true, it does not afford conclusory allegations similar treatment.[17]

---

[11] FED. R. CIV. P. 12(b)(6).

[12] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Id*. (citing *Twombly*, 550 U.S. at 556).

[16] *Twombly*, 550 U.S. at 555.

[17] *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

*B.     Summary Judgment*

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] A dispute over a material fact is genuine "when there is evidence sufficient for a rational trier of fact to find for the non-moving party."[19] Substantive law defines which facts are material.[20]

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits demonstrating the absence of a genuine issue of material fact.[21] When considering only admissible evidence in the pretrial record,[22] the court will "view all facts in the light most favorable to the non-moving party" and draw all factual inferences in the nonmovant's favor.[23] If the moving party cannot demonstrate the absence of a genuine issue of material fact, summary judgment is inappropriate.[24]

Once the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.[25] The nonmoving party's burden is not satisfied with "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated

---

[18] FED. R. CIV. P. 56(a).

[19] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citation omitted).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[21] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[22] *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995).

[23] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam) (citation omitted).

[24] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

[25] *Celotex*, 477 U.S. at 324 (internal quotation marks and citation omitted).

assertions, or by only a scintilla of evidence."[26] The court does not "in the absence of any proof assume that the nonmoving party could or would prove the necessary facts."[27] When reviewing the parties' submissions, the court does not weigh the evidence or determine the credibility of the witnesses."[28] Once the nonmovant has had the opportunity to make this showing, summary judgment will be granted "if no reasonable juror could find for the nonmovant."[29]

### III. DISCUSSION

#### A. Rule 12(b)(6) Motion to Dismiss

Defendant's sole argument for dismissal is that it is not a covered employer under EPSLA and therefore cannot be sued under the law. Under EPSLA, employees who work for covered employers are entitled to paid sick leave if they are unable to work due to: federal, state, or local quarantine or isolation order; self-quarantining at the advice of a health care provider; showing symptoms and seeking a medical diagnosis; caring for someone in quarantine; or caring for a child as a result of school closure or unavailable childcare.[30] A covered employer is prohibited from discharging or disciplining any employee who takes leave pursuant to EPSLA.[31] A covered employer includes only those private entities or individuals engaging in commerce or in an industry affecting commerce and employing fewer than 500 employees.[32]

---

[26] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (internal quotation marks and citations omitted).

[27] *Id.* at 1075 (emphasis removed).

[28] *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002) (citation omitted).

[29] *Id.*

[30] Emergency Paid Sick Leave Act, Pub. L. No. 116-127, § 5102(a), 134 Stat. 178, 195 (2020).

[31] § 5104(1), 134 Stat. at 196–97.

[32] § 5110(2)(B), 134 Stat. at 198–99. *See also* 29 U.S.C. § 142 (defining commerce for the purposes of both EPSLA and the Fair Labor Standards Act).

Plaintiff pleads Defendant employs fewer than 500 people and engages in commerce through its various business activities.[33] Generally, all plausible facts pleaded with sufficient specificity are accepted as true when considering a motion to dismiss.[34] Therefore, these facts are sufficient to permit the inference that Defendant is a covered employee under EPSLA despite Defendant's protestations to the contrary.

As Plaintiff's pleadings are facially sufficient, the court next considers Defendant's request that it take judicial notice that Defendant employs more than 500 employees.[35] A district court is generally limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6).[36] However, where appropriate, it may also consider matters of which it may take judicial notice.[37] Federal Rule of Evidence 201 states "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[38] The Fifth Circuit characterizes the standard for judicial notice as applying only "to self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities."[39] Examples of traditional uses of judicial notice include the recognition of certain

---

[33] Am. Compl. ¶¶ 19–25.

[34] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[35] Mot. 4.

[36] FED. R. CIV. P. 12(b)(6); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

[37] *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017–18 (5th Cir. 1996) (citation omitted). *See also* FED. R. EVID. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

[38] FED. R. EVID. 201(b)(2).

[39] *Hardy v. Johns-Mansville Sales Corp.*, 681 F.2d 334, 347 (5th Cir. 1982).

treatises as reliable sources,[40] the truth of facts found in dictionaries,[41] and the application of established scientific principles.[42]

In support of its request for judicial notice, Defendant provides the affidavit of Human Resources Manager Hanse Ellison ("Ellison"); the City of Galveston 2020 Fiscal Year Adopted Budget; and the City of Galveston Fiscal Year 2021 Proposed Budget.[43]  The court examines the applicability of judicial notice to each document in turn.  First, while perhaps a compelling piece of evidence for summary judgment, the affidavit of Defendant's employee is not a source of information that cannot reasonably be questioned.  Witnesses are routinely questioned and challenged by the discovery process through depositions and requests for documents that might contradict witness testimony.  As discovery has not yet commenced, Plaintiff has not yet had the opportunity to begin this process.  A single affidavit of a party's employee is far from reaching the indicia of reliability of treatises, dictionaries, and scientific law.

Government documents have been found to hold facts of which a court may take judicial notice.  As Defendant points out, some courts have used sweeping language in favor of this practice, for example, "[p]ublic records and government documents are generally considered not to be subject to reasonable dispute.  This includes public records and government documents

---

[40] *See United States v. Norman*, 415 F.3d 466, 473 (5th Cir. 2005) (citing FED. R. EVID. 803(18)) ("The treatise can be established as reliable authority by expert testimony, by admission of an expert being cross-examined, or by judicial notice.").

[41] *See, e.g.*, *United States v. Henry*, 417 F.3d 493, 494 (5th Cir. 2005) (citing a dictionary as one of several sources for the judicially noticed fact that "both a 12-gauge shotgun and a 16-gauge shotgun have bore diameters in excess of one-half inch").

[42] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n. 11 (1993) ("theories that are so firmly established as to have attained the status of scientific law, such as the laws of thermodynamics, properly are subject to judicial notice under Federal Rule of Evidence 201.").

[43] *See generally*, Mot., "City of Galveston 2020 Fiscal Year Adopted Budget," ECF No. 5-1; Mot., "The City of Galveston Fiscal Year 2021 Proposed Budget," ECF No. 5-2; Mot., "Affidavit of Hanse Ellison," ECF No. 5-3.

available from reliable sources on the Internet."[44]  Underlying this generalization are judicially noticed facts that are self-evident and unquestionable, but not by sole virtue of their status as a product of a governmental entity.  For example, courts have taken judicial notice: of a published decision made by the National Mediation Board[45]; that military personnel health and medical records of veterans are stored at either the National Personnel Records Center or the Veteran's Administration[46]; a party's date of incorporation as reflected on the state commission website[47]; and facts within the Security and Exchange Commission's records showing a party's property holdings and business contracts.[48]  In each case, the judicially noticed fact was either a question of an agency's own procedure, a fact solely within an agency's function or control, or information a regulatory agency legally must keep.  It can be inferred that the reason information contained in government documents is so often judicially noticed is due to 1) the facts being within the exclusive domain of the agency or key to its essential function; and 2) the legal and procedural safeguards to their accuracy.  Publication in a government document alone is not necessarily sufficient to render a fact so self-evident that no reasonable person could question it.

Viewed in this light, it is unusual Defendant relies on the City of Galveston's proposed or adopted budget reports to prove that it employs over 500 people.  The number of people employed by a single business operating in Galveston is not key to the city's essential functions.

---

[44] *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mich. 2003).  *See also Domain Vault LLC v. McNair*, No. 3:14-cv-1126-L, 2015 WL 5695519, at *3 (N.D. Tex. Sept. 28, 2015) ("Filings with government agencies, public records, and government documents available from an official government website or other reliable source on the Internet have been held not to be subject to reasonable dispute.").

[45] *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

[46] *Denius v. Dunlap*, 330 F.3d 919, 923 (7th Cir. 2003).

[47] *Domain Vault LLC*, 2015 WL 5695519, at *3.

[48] *Graham v. Dyncorp Intern., Inc*, 973 F.Supp.2d 698, 705–06 (S.D. Tex. 2013).

There is no apparent truism that the number of people employed by a private entity and city spending are correlated. It is also not self-evident that the information contained in these documents was obtained through a mechanism subject to legal safeguards. While other documents may conclusively establish the number of Defendant's employees, those are not in the record. As such, the court exercises its discretion to decline to take judicial notice that Defendant employed more than 500 employees at the time it terminated Plaintiff's employment. The number of employees is a fact question not relevant to whether Plaintiff stated a plausible claim for relief. As Defendant does not identify any other pleading deficiency, the action will not be dismissed pursuant to Rule 12(b)(6).

      *B.*      *Conversion to a Motion for Summary Judgment*

Pursuant to Federal Rule of Civil Procedure 12(d), a motion to dismiss is converted to a motion for summary judgment when "matters outside of the pleadings are presented to and not excluded by the court."[49] If the court converts the motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[50] When non-pleading materials are filed with a motion to dismiss, the district court has "complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not, as it sees fit."[51] Plaintiff is on notice that the court may do so.[52]

If a district court converts the motion into one for summary judgment, Federal Rule of Civil Procedure 56 ("Rule 56") controls the court's consideration of the motion's merits.

---

[49] FED. R. CIV. P. 12(d). *See, e.g.*, *Gen. Guar. Ins. Co. v. Parkerson,* 369 F.2d 821, 823 (5th Cir. 1966).

[50] FED. R. CIV. P. 12(d); *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 667 (5th Cir. 2019).

[51] *Isquith v. Middle S. Util. Inc.*, 847 F.2d 186, 196 (5th Cir. 1988).

[52] *See id.*

Conversion is more likely when the non-pleading materials are comprehensive and will enable a rational determination of a summary judgment motion.[53]  Ordinarily, summary judgment occurs during or after the close of the discovery period.[54]  This is at least in part because Rule 56's notice requirement is intended to prevent the premature cut-off of discovery.[55]  Conversion of a motion to dismiss prior to commencement of discovery is unlikely to give parties a "full, fair, and wholly adequate opportunity for discovery."[56]

Defendant requests that, if the court does not take judicial notice that it employs more than 500 people, the court consider Ellison's affidavit as summary judgment evidence.[57]  Consideration of the affidavit would convert the Motion into a motion for summary judgment without giving Plaintiff the opportunity to conduct discovery.  Plaintiff was on notice of the possibility of conversion by virtue of attachment of non-pleading materials to the Motion and chose not to attach its own summary judgment evidence to show a question of material fact.[58]  However, information regarding the number of people Defendant employs is solely within Defendant's knowledge and control.  It is unlikely Plaintiff could have provided documentation in support of his claim before conducting discovery even if such materials exist.

---

[53] *Id*. at 193 n. 3 (citing 5 C. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)).

[54] *See* FED. R. CIV. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

[55] *Clark v. Tarrant Cnty,* 798 F.2d 736, 746 (5th Cir. 1986).

[56] *See id*. (holding conversion of a motion to dismiss into a motion for summary judgment was proper when the court accepted evidence outside the pleadings and the parties had a "full, fair, and wholly adequate opportunity for discovery"). *See also Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003) (holding that the district court erred in treating a motion for judgment on the pleadings as a motion for summary judgment as discovery had not been conducted and the plaintiff did not have notice of the court's intent to convert the motion).

[57] Mot. 7.

[58] *Isquith*, 847 F.2d at 196.

The significance of discovery is increased by the incomplete and inconclusive nature of the non-pleading materials Defendant provides. Defendant does not rely on the Galveston local government estimations of employees for summary judgment purposes.[59] The only remaining piece of non-pleading material is Ellison's affidavit. This affidavit alone is not the kind of comprehensive supporting material that enables a rational determination of a summary judgment at this early phase of litigation. As such, consideration of summary judgment evidence should be postponed. This permits Plaintiff a reasonable opportunity to test Defendant's claim that it employs more than 500 people and is therefore exempt from complying with EPSLA. In sum, the court declines to convert Defendant's motion to dismiss into a motion for summary judgment.

    *C.    Discovery*

Defendant next requests that, should the court not grant summary judgment, discovery be limited to the question of how many employees Defendant employed at the time of Plaintiff's termination.[60] Defendant also identifies the specific documents it would like to proffer to avoid cumulative discovery.[61] Rule 56(d) permits additional discovery after the filing of a motion for summary judgment if the nonmovant shows it cannot present facts essential to justify its opposition.[62] The purpose of the rule is to safeguard against a premature or improvident grant of

---

[59] "American National Insurance Company's Reply to Plaintiff's Response to its Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively, Motion for Summary Judgment" ("Reply") 4 n.8, ECF No. 7, filed May 6, 2021.

[60] Reply 5.

[61] *Id*. at 6.

[62] *See, e.g.*, *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (applying FED. R. CIV. P. 56(d)).

summary judgment.[63]  As the court declines to convert the Motion into one for summary judgment, Rule 56 is inapplicable.  There is no need to take action to safeguard Plaintiff from a premature grant of summary judgment as no such motion is now pending.  Additionally, Rule 56(d) is intended to expand discovery to protect the nonmoving party.  It is not intended to be used as Defendant suggests, to limit the scope of discovery before it even begins.

    D.    *Attorney's Fees*

Plaintiff requests attorney's fees for time spent responding to the Motion, citing both 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 ("Rule 11").[64]  A court's inherent authority to impose sanctions protects the integrity of the judicial process.[65]  Pursuant to § 1927, a court may require any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to personally pay excess costs incurred by such conduct.[66]  Such sanctions "are not to be awarded lightly."[67]  Section 1927 sanctions must be strictly construed because of their punitive nature and so as to not chill legitimate advocacy.[68]  They require "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[69]

---

[63] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citing 10A WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE AND PROCEDURE § 2740 (1983)).

[64] "Plaintiff's Response to American National Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively Motion for Summary Judgment" ("Resp.") 5, ECF No. 6, filed Apr. 29, 2021.

[65] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 680 (5th Cir. 2019).

[66] 28 U.S.C. § 1927.

[67] *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 479 (5th Cir. 2012) (affirming sanctions where counsel used an errata sheet to revise deposition testimony to push a case to trial where the client no longer adhered to the allegations supporting the claim).

[68] *Id*.  *See also Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (reversing sanctions where a claim was pursued in good faith and was, at worst, not meritorious).

[69] *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998).

A court may impose Rule 11 sanctions, in relevant part, when an attorney files a written motion "for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" or when the legal contentions are not "warranted by existing law."[70] Unlike § 1927 sanctions, Rule 11 sanctions require evaluation of attorney conduct by an objective standard of reasonableness under the circumstances, without regard to the attorney's good faith.[71]

Plaintiff's request for sanctions in his request for attorney's fees is both unreasonable and clumsily executed. First, Plaintiff did not follow proper procedure for bringing a motion for Rule 11 sanctions. A motion for sanctions under Rule 11 "must be made separately from any other motion."[72] To embed the request for sanctions into the Response both disregards the Federal Rules of Civil Procedure and introduces a misconduct allegation irrelevant to the substantive issue raised in the Motion.[73]

Next, the substance of Plaintiff's misconduct allegation is that Defendant's Motion (1) is "frivolous, vexatious, harassing, and intended to delay these proceedings"[74] and (2) ignores controlling law by asking the court not to take his well-pleaded facts in the complaint to be true.[75] Plaintiff does not make any showing of Defendant's bad faith or intent to delay proceedings, nor could such conduct be inferred. The Motion displayed objectively reasonable,

---

[70] FED. R. CIV. P. 11(b)-(c).

[71] *See Thomas v. Cap. Sec. Servs., Inc.*, 836 F.22d 866, 873 (5th Cir. 1988).

[72] FED. R. CIV. P. 11(c)(2).

[73] *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990) ("[An] imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.").

[74] Resp. 4.

[75] *Id*.

if unsuccessful, legal argument demonstrating reasonable inquiry into the relevant law. Defendant cited established law showing a district court may consider judicially noticed facts when deciding a motion to dismiss pursuant to Rule 12(b)(6).[76] Defendant also produced relevant documentation in support of its claimed number of employees. That the facts Defendant requested to be judicially noticed contradict the complaint does not mean Defendant ignores prevailing law in making the request. Nor does the court's refusal to take judicial notice render the argument frivolous or vexatious. A motion is not sanctionable merely because it fails.[77] To find otherwise would undermine, rather than protect, the judicial process and unreasonably chill advocacy. As such, Plaintiff does not meet his burden under either § 1927 or Rule 11.

## IV.     CONCLUSION

Accordingly, it is **HEREBY ORDERED** that "American National Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively Motion for Summary Judgment" [ECF No. 5] is **DENIED**.

**SIGNED AND ENTERED** this **12th** day of **May 2021**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[76] *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017–18 (5th Cir. 1996) (citation omitted). *See also* FED. R. EVID. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

[77] *See FDIC v. Calhoun*, 34 F.3d 1291 (5th Cir. 1994) (holding that implausible legal claims did not warrant either Rule 11 or Section 1927 sanctions).